[616 NYS2d 844]

In the Matter of MARK S. OGDEN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, September 30, 1994

## APPEARANCES OF COUNSEL

*Daniel A. Drake,* Rochester, for petitioner.

*Lawrence J. Andolina,* Rochester, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to practice by this Court on January 12, 1989. Petitioner charged respondent with converting the funds of three separate clients, misrepresenting the

status of those funds to the clients and neglecting client matters. Respondent's answer controverted material allegations of the petition and a Referee was appointed to make findings on the issues of fact raised by the pleadings. The Referee filed a report, which petitioner moves to confirm and respondent moves to disaffirm.

With respect to the first charge, the Referee found that respondent was retained to satisfy a judgment from pension funds that the client authorized him to receive from a former employer. Respondent negotiated a reduction in the amount of the judgment to $4,000, which the creditor agreed to accept in installment payments, but which the client instructed him to pay in one lump sum. Respondent received two payments from the pension fund totalling approximately $16,000 but failed to notify the client that he had received the second payment. The Referee found that, instead of following the client's instructions, respondent began making payments against the judgment pursuant to the installment schedule. In the meantime, respondent used the client's funds for his own business and personal purposes. Respondent failed to make the final payment on schedule and made the payment from personal funds after being contacted by the creditor. Prior to making the payment, respondent sent his client a statement that misrepresented that the judgment had been satisfied and failed to indicate receipt of the second payment from the client's pension funds.

With respect to the second charge, the Referee found that respondent was retained to represent a client in a matrimonial action and in a real estate closing and to make an application for a liquor license. Respondent deposited approximately $8,900, representing one half of the proceeds from the real estate closing, into his trust account and used the money to pay business and personal expenses. Thereafter, a statement misrepresenting that the funds were maintained in the trust account was sent by respondent's secretary to the client. Although the statement was sent without respondent's knowledge, the Referee found that respondent failed to notify the client that it was incorrect after he discovered that it had been sent.

Finally, the Referee found, with respect to the third charge, that respondent made three unauthorized withdrawals totalling $11,000 from an estate account. While respondent contended that the withdrawals represented attorney's fees of $9,000 and disbursements of $2,000, the Referee found that

the understanding between respondent and the executor was that the fee would be $6,000.

We confirm the findings of fact contained in the Referee's report and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7])—by engaging in conduct involving fraud, deceit and dishonesty and conduct involving his fitness to practice;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—by neglecting a legal matter entrusted to him; and

DR 9-102 (A), (B), (C) and (D) (22 NYCRR 1200.46 [a], [b], [c], [d])—by failing to maintain and preserve client funds, by converting client funds and by failing to maintain records relating to client funds.

We have considered the matters in mitigation presented by respondent and note that he has revised his accounting practices to prevent a recurrence of the misappropriation that occurred here. Nevertheless, the misconduct is serious and we conclude that respondent should be suspended for three years and until further order of this Court.

DENMAN, P. J., GREEN, BALIO, LAWTON and FALLON, JJ., concur.

Order of suspension entered.